UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED CENTRAL BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:08-CV-0579-G |
| SEIBELS BRUCE GROUP, INC., ET AL., | ) | |
| | ) | **ECF** |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court are the motions (1) of the defendant Seibels Bruce Group, Inc. ("Seibels") to dismiss or in the alternative to transfer venue to the Southern District of Georgia, and (2) of the defendants Remer Lane Insurance, Inc. ("Remer Lane Insurance") and Thomas Lane ("Lane") to dismiss for lack of jurisdiction or in the alternative to transfer venue. For the reasons stated below, the motions to transfer venue to the Southern District of Georgia are granted and the motions to dismiss are denied as moot.

## I. BACKGROUND

UCB is a Texas financial institution with its principal place of business in Garland, Texas. Original Complaint of United Central Bank ("Complaint") ¶ 1.

Seibels is a South Carolina corporation with its principal place of business in Columbia, South Carolina. Complaint ¶ 2; Affidavit of Michael A. Culbertson ("Culbertson Affidavit") ¶ 4, *attached to* Defendant Seibels Bruce Group, Inc.'s Appendix of Evidence ("Seibels Appendix") at 2-5. Seibels is a holding company, not an insurance company, and is not authorized to write or issue insurance policies. Culbertson Affidavit ¶¶ 8, 9; Affidavit of Ronald Giomi ("Giomi Affidavit") ¶ 5, *attached to* Seibels Appendix at 6-8; Brief in Support of Defendant Seibels Bruce Group, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue or in the Alternative to Transfer Venue to the Southern District of Georgia ("Seibels Motion") at 3-4. Catawba Insurance Company ("Catawba") is a subsidiary of Seibels. Culbertson Affidavit ¶ 15. Though Seibels owns Catawba's outstanding stock, Seibels does not do business under the name of Catawba nor does Catawba do business under the name of Seibels. *Id*.

Remer Lane Insurance is an insurance company incorporated in Georgia, located and doing business in Savannah, Chatham County, Georgia. Complaint ¶ 3; Seibels Motion at 2; Affidavit of Thomas Lane ("Lane Affidavit") ¶ 5, *attached to* Appendix to Defendants Remer Lane Insurance, Inc. and Thomas Lane's Brief in Support of Their Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue or in the Alternative to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) ("Remer/Lane Motion") as Exhibit A.

Lane, a Georgia citizen, is an insurance agent for Remer Lane Insurance. Complaint ¶ 4; Lane Affidavit ¶ 4.

On August 24, 2007, UCB, through its Atlanta banker Keith Patel, made a loan ("the Loan") to Priyansi, Inc. ("Priyansi"), d/b/a Gail's BP, in the amount of $1,179,000. Complaint ¶ 10; Remer/Lane Motion at 2. Priyansi is a Georgia corporation. Seibels Motion at 1-2; *see also* State of Georgia Certified Documents, *attached to* Seibels Appendix at 11-20. The Loan was secured by a first lien on real property located at 1015 Main Street, Nahunta, Georgia 31553 ("Nahunta property") and was recorded in Georgia. Complaint ¶ 10; Seibels Motion at 2. A convenience store was located on the Nahunta property. Complaint ¶ 10. Priyansi had purchased the Nahunta property from South Amber, Inc. ("South Amber"). *Id.* South Amber is a Georgia corporation. State of Georgia Certified Documents, *attached to* Seibels Appendix at 21-25.

Lane had obtained insurance on the Nahunta property for South Amber and its principal Rajendra M. Patel ("Raj Patel"), a Georgia businessman. Lane Affidavit ¶ 10; Remer/Lane Motion at 4. At Raj Patel's direction, Lane spoke with UCB banker Keith Patel of Atlanta, Georgia, about the Nahunta property. Lane Affidavit ¶¶ 11, 12. Lane's only contacts with Keith Patel were via two Atlanta area phone numbers. *Id.* ¶ 13.

As a condition of the Loan, Remer Lane Insurance provided UCB with Evidence of Property Insurance on the Nahunta property effective August 2, 2007 through August 2, 2008. Complaint ¶ 11; *see also* Evidence of Property Insurance ("Evidence of Insurance"), *attached to* Complaint as Exhibit A. Under the terms of this document, UCB claims, the convenience store at 101 South Main Street, Nahunta, Georgia 31553 was insured by Seibels from August 2, 2007 through August 2, 2008. Evidence of Insurance. UCB was listed as loss payee and an additional insured. Complaint ¶ 12. Under the policy, UCB contends that Priyansi was covered up to $1,300,000 for Building and Personal Property and Pumps and Canopy coverage. *Id.* ¶ 19. Priyansi timely had paid the insurance premium. *Id.* ¶ 12. Seibels maintains that because it is not an insurance company, it did not have the power to issue binders or policies of insurance, and thus issued neither to Priyansi. Giomi Affidavit ¶ 5. Seibels further contends that UCB's allegation that Prisanyi's premium was paid to and cashed by "defendants" does not identify any specific defendant. Seibels Motion at 2.

Seibels maintains that Catawba had insured the Nahunta property for South Amber under Policy Number CB04085026 ("the Catawba Policy"), effective October 25, 2006 to October 25, 2007.[*] Giomi Affidavit ¶ 7.

---

[*] The complaint lists the effective date of the Catawba Policy as "October 25, 2006 to October 25, 1007." Complaint ¶ 14. The court assumes the complaint should read "October 25, 2006 to October 25, 2007."

On October 7, 2007, a fire destroyed real and personal property at the Nahunta property. Complaint ¶ 13. The cash value of the building and personal property before the fire was approximately $1,300,000, and the value after the fire was the value of the unimproved real estate. *Id.* ¶ 21.

On October 9, 2007, Remer Lane Insurance and Lane, acting on behalf of South Amber, forwarded a Property Loss Notice to Catawba, thereby informing Catawba of the Nahunta property fire. Giomi Affidavit ¶ 7. Catawba investigated the fire and learned of Priyansi's purchase of the Nahunta property. *Id.* ¶ 8. As a result, in a letter dated November 8, 2007, Catawba denied South Amber's claim. *Id.*; *see also* Letter dated November 8, 2007, *attached to* Seibels Appendix at 9-10. The letter stated that because South Amber sold the Nahunta property to Priyansi in August 2007, Seibel would not pay South Amber or Priyansi under the Catawba Policy. Complaint ¶ 14.

On November 15 or 16, 2007, Catawba Insurance Company issued a check in the amount of $867 to refund the premium and retroactively cancel the Catawba Policy, effective August 24, 2007, the date that Catawba's investigation revealed that South Amber had sold the Nahunta property to Prisanyi. *Id.* ¶ 15; Giomi Affidavit ¶ 9; Seibels Motion at 6. UCB avers that this was "an attempt to avoid liability . . . ." Complaint ¶ 15.

Priyansi is now in default to UCB on the Loan in the amount of $1,218,415.44.  *Id.* ¶ 18.

UCB filed this suit on April 3, 2008, asserting that, as an additional insured, it is entitled to the full policy limits, or $1,297,000, from Seibels and Remer Lane Insurance, jointly and severally, for Building and Personal Property coverage.  *Id.* ¶ 21.  UCB also claims that the defendants breached the duty of good faith and fair dealing because the defendants "knew or should have known . . . that its liability was reasonably clear."  *Id.* ¶ 26.  UCB, maintaining that the defendants failed to comply with the prompt payment statute, also sues the defendants for negligent misrepresentation, fraud, and civil conspiracy.  See generally *id*.  UCB, a Texas corporation, contends that this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because Seibels is a South Carolina corporation, and Remer Lane Insurance and Lane are Georgia citizens.  *Id.* ¶ 9.  UCB avers that this court has personal jurisdiction over the defendants because they issued the Evidence of Insurance under which claims are payable to UCB in Texas.  *Id.* ¶ 6; Seibels Motion at 3.  Specifically, UCB contends that Remer Lane Insurance and Lane assisted in the completion of the insurance policy and Evidence of Insurance on the Nahunta property, both of which specify that the loss payee and additional insured is third party beneficiary UCB, a Texas entity located in Texas.  Plaintiff United Central Bank's Brief in Support of its Response to Defendants Remer Lane Insurance, Inc.,

and Thomas Lane's Motion to Dismiss for Lack of Jurisdiction or in the Alternative to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) ("Response to Remer/Lane Motion") at 2, 3.

The defendants, on the other hand, contend that nowhere on the Evidence of Insurance does it state that the defendants consent to jurisdiction in Texas. Remer/Lane Motion at 2. Seibels contends that Catawba never issued an insurance policy to Priyansi. Culbertson Affidavit ¶ 15. Moreover, Seibels contends that neither Seibels nor any of its subsidiaries received or negotiated a premium payment from Priyansi. Giomi Affidavit ¶ 6. Seibels further maintains that it has no agency agreement or arrangement with Remer Lane Insurance or Lane. Culbertson Affidavit ¶ 16.

On May 22, 2008, the defendants moved to dismiss UCB's claims against them for lack of personal jurisdiction on the ground that they do not have sufficient contacts with the State of Texas. *See generally* Seibels Motion; Remer/Lane Motion. Alternatively, the defendants move to transfer venue to the Southern District of Georgia. *Id*.

## II. ANALYSIS

A district court may transfer any civil case "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "The moving parties bear the burden of

proving by a preponderance of the evidence that transfer is appropriate." *Bank One, N.A. v. Euro-Alamo Investments, Inc.*, 211 F.Supp.2d 808, 812 (N.D. Tex. 2002).

As a threshold matter, the language of Section 1404(a) requires the court to determine whether the proposed transferee district is one in which the suit might have been brought. *Illinois Union Insurance Company v. Tri Core Inc.*, 191 F.Supp.2d 794, 797 (N.D. Tex. 2002). Such a district "is one in which upon commencement of the suit the plaintiff ha[d] a right to sue independently of the wishes of the defendant." *Independent Fish Company v. Phinney*, 252 F.Supp. 952, 953 (W.D. Tex. 1966) (citing *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960)). Therefore, the first question is whether or not the Southern District of Georgia would have been a proper venue for this lawsuit. A diversity suit may be brought in any "judicial district where any defendant resides, if all defendants reside in the same State." 28 U.S.C. § 1391(a)(1). Lane and Remer Lane Insurance are citizens of Georgia, and Seibels concedes that venue in the Southern District of Georgia is proper as to it based upon personal jurisdiction over Remer Lane Insurance and Lane. Seibels Motion at 14.

After determining that the transferee district is one in which the case might have been brought, the court considers "all relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Peteet v. Dow Chemical Company*, 868 F.2d 1428, 1436 (5th Cir.) (internal quotations and citations omitted),

*cert. denied*, 493 U.S. 935 (1989). These factors include: (1) the convenience of the parties, (2) the convenience of material witnesses, (3) the availability of process to compel the presence of unwilling witnesses, (4) the cost of obtaining the presence of witnesses, (5) the relative ease of access to sources of proof, (6) calendar congestion, (7) where the events in issue took place, and (8) the interests of justice in general. *Minka Lighting, Inc. v. Trans Globe Imports, Inc.*, 2003 WL 21251684, at *2 (N.D. Tex. 2003) (Fish, C.J.).

The defendants advance several reasons why the Southern District of Georgia would be a more convenient forum to try this case: the damage to property which is the basis of this action occurred in Georgia; Remer Lane Insurance and Lane are located in Georgia, and Seibels is located in neighboring South Carolina; South Amber and Priyansi are Georgia corporations and their principals reside in Georgia; process is not valid in Northern District of Texas to compel the testimony of nonparties; pertinent witnesses and documents are located in Georgia or South Carolina; and transfer of this case would avoid extreme inconvenience and expense. Seibels Motion at 14; Remer/Lane Motion at 9-11.

Furthermore, if the suit were maintained in Texas, the case would, under Texas choice of law rules, be governed by the law of the state with the most significant relationship to the controversy. *Gutierrez v. Collins*, 583 S.W.2d 312, 318-19 (Tex.

1979), adopting Restatement (Second) of Conflicts, §§ 6, 145. In this case, that state would likely be Georgia; Texas has little, if any, connection with this controversy.

The defendants have shown sufficient inconvenience to justify transfer. The court concludes that litigation of this case in the Southern District of Georgia would be fairer and more convenient to the parties and witnesses.

### III. CONCLUSION

For the reasons stated above, the defendants' motions to transfer venue are **GRANTED**, and this case is **TRANSFERRED** to the United States District Court for the Southern District of Georgia, Savannah Division. The defendants' motions to dismiss for lack of jurisdiction are **DENIED** as moot.

**SO ORDERED**.

December 18, 2008.

                                                _/s/ A. Joe Fish_____
**A. JOE FISH**
**Senior United States District Judge**